UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUZ E. RAYMOND, )<br>)<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>CACH, LLC, & JOHN C. )<br>BONEWICZ, P.C., )<br>)<br>)<br>DEFENDANTS. ) | Civil Action No._____ |

## COMPLAINT

Plaintiff, LUZ E. RAYMOND, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants CACH, LLC and JOHN C. BONEWICZ, P.C. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states as follows:

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

2. Venue in this District is proper because Defendants' collection demands were received here, and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, LUZ E. RAYMOND ("Plaintiff"), is an individual and resident of Cook County, Illinois, and is a "consumer" as defined by and within the meaning of the FDCPA at 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, CACH, LLC, ("CACH") is a buyer of defaulted debt headquartered in Denver, Colorado, and is thus a "debt collector" as defined by and within the meaning of the FDCPA, §1692a. CACH is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of defaulted consumer debts using the mails and telephone.

5. Defendant, JOHN C. BONEWICZ, P.C., ("Bonewicz"), is an attorney debt collector located at 350 N. Orleans Street, Suite 300, Chicago, Il 60654. Bonewicz is engaged as a "debt collector" as defined by and within the meaning of the FDCPA, §1692a, as it is engaged in the business of collecting debts in this State where it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, using the mails and telephone.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff entered into a credit card agreement with Bank of America, N.A., and thereafter incurred charges on her card for personal, family or household purposes, thereby incurring an obligation and "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Due to financial difficulties, Plaintiff could not afford to continue making payments to Bank of America, N.A. and she defaulted on her obligation. Her account was thereafter "charged off" to profit and loss by Bank of America, N.A.

8. According to CACH, Bank of America, N.A. thereafter assigned the obligation to CACH, and CACH became the new owner of Plaintiff's assigned obligation ("alleged debt").

9. CACH thereafter hired Bonewicz to attempt to collect the alleged debt from Plaintiff.

10. On or around May 17, 2012, Bonewicz mailed Plaintiff a letter stating that Plaintiff owed $13,638.51 to CACH. (Exhibit A, Letter to Plaintiff dated May 17, 2012).

11. Bonewicz's letter was sent in connection with the collection of the alleged debt, as it seeks to collect $13,638.51 from Plaintiff.

12. On July 10, 2012, Plaintiff caused a letter to be faxed to Bonewicz requesting that Bonewicz not contact her anymore. (Exhibit B, Letter to Bonewicz dated July 10, 2012).

13. Bonewicz received Plaintiff's letter on July 10, 2012.

14. Bonewicz was aware, on and after July 10, 2012, that Plaintiff had requested in writing that Bonewicz not contact her any further.

15. Upon information and belief, Bonewicz soon thereafter informed CACH of the contents of Plaintiff's letter dated July 10, 2012.

16. Section 1692(c) of the FDCPA provides in part as follows:

**§ 1692c. Communication in connection with debt collection**

\*\*\*

**(c) Ceasing communication**

**If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**

**(1) to advise the consumer that the debt collector's further efforts are being terminated;**
**(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
**(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

17.     Despite Plaintiff's written request to Bonewicz that he not contact her anymore, Bonewicz continued to contact Plaintiff to attempt to collect the alleged debt from her.

18.     On or around February 8, 2013, Bonewicz again mailed Plaintiff a letter stating that Plaintiff owed $13,638.51 to CACH. (Exhibit C, Letter to Plaintiff dated May 17, 2012). Said letter was sent at the direction of CACH, which provided Bonewicz with purported verification documents that were attached thereto.

19.     As with the first letter Bonewicz mailed to Plaintiff, Bonewicz's second letter was sent in connection with the collection of the alleged debt, as it seeks to collect $13,638.51 from Plaintiff.

20.     Bonewicz's second letter states that it is being sent pursuant to her request for verification of the alleged debt, although Plaintiff's previous request to Bonewicz had been for Bonewicz to cease contact with her.

21.     Bonewicz's second letter concludes by stating "Our firm may now continue its collection efforts". (Exhibit C, Letter to Plaintiff dated May 17, 2012).

22.     Bonewicz's statement that it may continue collection efforts against Plaintiff is false, as the only collection efforts that Bonewicz and CACH could have legally pursued would have been to file a lawsuit against Plaintiff to collect the alleged debt.

23. If Bonewicz had intended to file a lawsuit to collect the alleged debt from Plaintiff, it was required to include this information in its letter to Plaintiff dated May 17, 2012, pursuant to the requirements of 15 U.S.C. §1692c(c)(2) and (3).

24. Bonewicz's statement to Plaintiff that it may continue its collection efforts against her violates 15 U.S.C. §1692c(c), as Plaintiff had previously requested in writing that Bonewicz and CACH cease communication with her. Specifically, Plaintiff's previous written request to Defendants required them to cease communication with her except for the contacts that fit within the exceptions provided in 15 U.S.C. §1692c(c)---none of which apply here.

25. Bonewicz acted as an agent for CACH in collecting the alleged debt against Plaintiff.

26. Upon information and belief, CACH approved of, ratified, and/or directed the collection efforts Bonewicz made against Plaintiff.

27. As a debt collector, CACH, may be held vicariously liable for Defendant Bonewicz's collection activity. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

28. CACH is liable for the actions of Bonewicz.

29. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*—CACH AND BONEWICZ**

30. Plaintiff incorporates paragraphs 1-29.

31. In their attempts to collect the debt allegedly owed by Plaintiff, Defendants violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

    a) Defendants violated 15 U.S.C. §1692c( c) by continuing to contact Plaintiff after receiving a written demand from Plaintiff requesting that such contact cease;

    b) Defendants violated 15 U.S.C. §1692e by misrepresenting to Plaintiff that they may continue their collection efforts toward Plaintiff, when any such efforts except for litigation would be prohibited by the fact of Plaintiff 's previous written demand to Defendants that they cease communication with Plaintiff;

    c) Defendants violated 15 U.S.C. §1692e(5) by falsely threatening that they may continue their collection efforts against Plaintiff, when any such efforts except for litigation would be prohibited by the fact of Plaintiff 's previous written demand to Defendants that they cease communication with Plaintiff;

    d) Defendants violated 15 U.S.C. §1692f by the foregoing alleged conduct;

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo
Attorney for Plaintiff
**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tele. 312-726-6160
Fax. 312-698-5054